## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ARIELLE LAJAE RILEY,

      Petitioner,

v.                                      Case No. 8:26-cv-96-WFJ-CPT

WARDEN, PINELLAS COUNTY JAIL,

      Respondent.

_____/

## <u>ORDER</u>

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Genora Greene on behalf of Arielle LaJae Riley. (Doc. 1). Ms. Riley is detained pending a state criminal prosecution for battery, resisting an officer without violence, and violation of pretrial release. *State v. Riley*, Nos. 25-14066-MM & 25-15991-MM (Fla. 6th Jud. Cir. Ct.). Ms. Greene, purporting to act as Ms. Riley's "next friend," alleges that Ms. Riley has been detained without a "meaningful bond hearing" or "sworn evidence . . . of willfulness." (Doc. 1 at 1). As relief, Ms. Greene asks this Court to release Ms. Riley or direct the trial court to hold a "constitutionally compliant bond hearing." (*Id.*)

After careful review, the Court concludes that the petition must be dismissed without prejudice. As an initial matter, Ms. Greene fails to establish her standing to bring this action as Ms. Riley's "next friend." "Application for a writ of habeas corpus shall be in writing and verified by the person for whose relief it is intended or someone acting in his behalf." 28 U.S.C. § 2242. The latter part of that statutory provision codifies the

common law tradition of permitting a "next friend" to litigate on behalf of a detained person who is unable to seek relief herself, "usually because of mental incompetence of inaccessibility." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. The "next friend" must adequately explain why the detainee cannot appear on her own behalf to prosecute the action, and she must be truly dedicated to the best interests of the detainee. *Id.* "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164.

Ms. Greene does not demonstrate that "next friend" status is appropriate here. The petition does not explain why Ms. Riley cannot appear on her own behalf. Nor does it show that Ms. Greene can fairly represent Ms. Riley's interests. Because Ms. Greene does not demonstrate the propriety of "next friend" status, she lacks standing to commence this action on Ms. Riley's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Even if Ms. Greene could pursue this action on behalf of Ms. Riley, the petition would still be subject to dismissal. A pretrial detainee may challenge the constitutionality

of her confinement by petitioning for a writ of habeas corpus under § 2241. *See, e.g.,* *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (explaining that a pretrial detainee in state court should file a § 2241 petition, not a § 2254 petition); *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (similar). But this petition must be dismissed without prejudice because intervention in Ms. Riley's state-court proceeding is not warranted at this juncture.

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (referring to the abstention doctrine that the Supreme Court articulated in *Younger v. Harris*, 401 U.S. 37 (1971)). And except in "extraordinary circumstances," a federal court should "abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983); *see also Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009).

*Younger* identified those "exceptional circumstances" as follows: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes*, 377 F.3d at 1263 n.6.

The petition in this case does not plausibly allege facts to support a finding under any of the three *Younger* exceptions. *See, e.g.*, *Florence v. Jackson*, No. 4:23-cv-110-CDL-MSH, 2023 WL 6142357, at *5 (M.D. Ga. Sept. 20, 2023) ("Plaintiff may or may not be innocent of the crimes with which she has been charged. Regardless, this Court may not

interfere with her ongoing state criminal prosecution or grant her release from jail.");
*Shackelford v. Gwinnett Cnty. Jail*, No. 1:20-cv-4590-WMR-CMS, 2021 WL 12180663, at *3 (N.D. Ga. Jan. 21, 2021) ("Plaintiff's allegations do not warrant interference in his state criminal proceedings, and entertaining Plaintiff's bail claim at this time would impermissibly interfere with his state criminal case."). Indeed, the petition fails to demonstrate that any aspect of Ms. Riley's detention places her in a substantially different situation from any other pretrial detainee or otherwise merits relief. Thus, the Court cannot intervene at this time in Ms. Riley's ongoing state proceeding.[1]

Accordingly, it is **ORDERED** that:

1. The petition (Doc. 1) is **DISMISSED without prejudice**.

2. Ms. Riley is **DENIED** a certificate of appealability because she cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Ms. Riley is not entitled to a certificate of appealability, she is not entitled to appeal *in forma pauperis*.

3. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on January 14, 2026.

WILLIAM F. JUNG
**UNITED STATES DISTRICT JUDGE**

---

[1] The petition appears to allege that Ms. Riley has been denied adequate nutrition at the Pinellas County Jail. (Doc. 1 at 5). Any such challenge to Ms. Riley's conditions of confinement cannot be pursued in a habeas action under § 2241. Instead, the proper vehicle for a conditions of confinement claim is a separate lawsuit under 42 U.S.C. § 1983.